UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED A TIPOO<br><br>Plaintiffs,<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff , MOHAMMED A TIPOO (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through his attorneys, Marcus Law, LLC, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOE (1-10) (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. Plaintiff is a natural person and a resident of the Atoria, New York.

5. Plaintiff is the "called party" with respect to the calls placed on his cellular telephone

number (718) 204-7784.

6. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Virginia Corporation with its principal place of business at 140 Corporate Boulevard, Norfolk, Virgina 23502.

7. John Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

8. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

9. The regulations under the TCPA prohibit calling a cellular telephone with an auto-dialer without prior express consent.

10. The regulations under the TCPA further prohibit calling a cellular telephone with an auto-dialer after prior express consent was revoked.

11. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to  . . . .any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

12. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over one hundred (100) times.

13. Plaintiff is seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

14. Upon information and belief, on or about January of 2012, Defendant began a telephone campaign by calling the Plaintiff's cellular telephone number.

15. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

16. The calls came from several different phone numbers including but not limited to 757-506-0177, 731-577-4171, 205-484-0134 and 731-410-3139.

17. Soon thereafter the Plaintiff answered one of the phone calls and the Defendant stated that they wre looking for Marcy from Far Rockaway, NY.

18. During the phone call the Plaintiff explicitely told the Defendant that they had the wrong number and to stop calling his cellular telephone.

19. For a short period of time the calls ceased.

20. Several months later the calls started again.

21. On or around December of 2013, Plaintiff again answered and was told by the Defendant that they were looking for Marcy from Far Rockaway.

22. Plaintiff again told Defendant that they had the wrong number and to stop calling his cellular telephone.

23. Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis.

24. On or around December of 2014, the Plaitniff again answered one of the calls from the Defendant and stated that they had the wrong number and to stop calling him.

25. Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis.

26. Upon information and belief Defendant has called Plaintiff over one hundred (100) times within the last four (4) years.

27. The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violaition of the TCPA.

28. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. Defendant initiated each of the calls at issue to Plaintiff's cellular telephone without the prior express consent of Plaintiff.

30. Additionally, almost all of the calls at issue were placed after Plaintiff told the Defendant to stop calling his cellular telephone.

31. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

32. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiffs is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiffs is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C.

§227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 20, 2015

s/ Ari H. Marcus, Esq.
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 20, 2015

*/s/ Ari Marcus*
Ari Marcus, Esq.

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                              */s/ Ari Marcus*
                                              Ari Marcus, Esq.